UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTRELLA J. BENAVIDES,<br><br>        Plaintiff(s),<br><br>  vs.<br><br>GEORGE W. BUSH, et al.,<br><br>        Defendant(s).<br>_____/ | No. C-07-01732 MHP<br><br>**ORDER DENYING IN FORMA PAUPERIS STATUS AND DISMISSING COMPLAINT** |

        Plaintiff has filed a complaint consisting of declarations and a large three-ring binder containing random documents, photos, newspaper clippings and other material. What she does not file is an actual complaint setting forth in a short and plain statement what her claims are, the grounds for jurisdiction and what relief she seeks, as required by Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff also has filed an application to proceed *in forma pauperis.*

        Plaintiff names as defendants the President of the United States, the Governor of California, the District Attorney of San Mateo County and her husband. What these persons have to do with each other is a mystery. Other than her husband, what the others have to do with plaintiff is equally a mystery. Apparently some of plaintiff's grievances relate to proceedings in the Family Law Department of the Superior Court for San Mateo County. To the extent that these proceedings are the gravamen of plaintiff's complaint, this court lacks jurisdiction. Plaintiff's remedy is in the state court and possibly the California Court of Appeals which reviews decisions of the Superior Court.

        However, these are not the only problems with plaintiff's filing. The papers she has filed are incomprehensible and federal jurisdiction cannot be divined from them. The allegations and

1

statements plaintiff makes in her papers are convoluted, rambling and incoherent. As far as the court can tell plaintiff states no basis for a cognizable federal claim.

The district court may deny *in forma pauperis* status and even where the filing fee is paid dismiss a complaint *sua sponte* if federal subject matter jurisdiction is lacking or if the complaint is frivolous. See 28 U.S.C. §1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989)(found to be superseded on other grounds by reason of adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory, see, e.g., Lopez v. G.A.Smith, 203 F.3d 1122, 1126 (9thCir.2000); Cruz v. Gomez, I/O, 202 F.3d 593, 596 (2dCir.2000)).

Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction", there is no "arguable basis in law" under Neitzke and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under section 1915(d). Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Furthermore, where the complaint alleges facts that are "clearly baseless", "fanciful", or "delusional" it may be dismissed as frivolous. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992)(also found superseded in that dismissal was within discretion of district court under section 1915(d) and now, under section 1915(e)(2) dismissal is mandatory, see Cruz v. Gomez, 202 F.3d at 596). If the pro se plaintiff can cure the factual allegations in order to state a claim, the court may give her leave to do so. However, if repleading cannot cure the deficiencies the court may dismiss without leave to amend and even dismiss with prejudice. See Cato v. United States, 70 F.3d at 1106.

For the reasons articulated above this court does not see how plaintiff could "amend" her essentially non-existent complaint or modify and distill the papers she has filed into a complaint over which this court would have jurisdiction. From a review of plaintiff's filing, the court doubts that plaintiff could sufficiently allege a claim that would be comprehensible and within the court's jurisdiction.

2

Therefore, in accordance with the foregoing, plaintiff's application to file her action *in forma pauperis* is DENIED and, treating the papers she has filed as a complaint, her complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

Date: April 3, 2007

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

3